## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Anthony Massman,

Plaintiff,

**COMPLAINT**

v.

Deere & Co. as Plan Administrator of the
John Deere Long Term Disability Plan
for Salaried Employees,

Defendant.

The Plaintiff in the above entitled action, as and for his Complaint against the above-named Defendant, states and alleges as follows:

### NATURE OF ACTION, JURISDICTION, PARTIES AND VENUE

1.     The present action is a claim for long-term disability benefits and arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* (ERISA).

2.     Plaintiff, Anthony Massman, is an individual who, at all times relevant, resided in the State of Iowa.  At all times relevant hereto, Plaintiff was an employee of Deere & Company.

3.     At all times relevant hereto, through his employment, Plaintiff was a participant in the group self-insured John Deere Long Term Disability Plan for Salaried Employees.

4.     As this action involves an employee benefit plans governed by ERISA, this Court has jurisdiction of this matter pursuant to 29 U.S.C. § 1132(e)(1).

1

5.      Defendant is the Plan Administrator and is liable for any benefits under the LTD

Plan. Defendant, Deere & Co., is a corporation organized and existing under the laws of

the State of Delaware which conducts and transacts business within the State of

Minnesota.   Deere & Co. is registered as a foreign corporation with the Minnesota

Secretary of State's office and has the following agent for service of process appointed in

the State of Minnesota:

1010 Dale Street North
St. Paul, MN  55117-5603

 The current mailing address of Deere & Co.'s principal office as registered with the

Minnesota Secretary of State is:

One John Deere Place
Moline, IL  61265

6.      Defendant has been named a claim fiduciary of the Plan.

### <u>RECITATION OF FACTS</u>

7.      At all times relevant hereto, Plaintiff was employed by Deere & Co.

8.      Through his employment, Plaintiff was a participant in the group LTD Plan

referenced above.

9.      Plaintiff initially began receiving indemnity benefits from Deere & Co. effective

September 1, 2016, as he was unable to perform the duties of his occupation due to

adverse health conditions.

10.     In July of 2017 Plaintiff's adverse health condition was improving.

11.     In August of 2017, Plaintiff's adverse health condition worsened and his

physician's opined he was unable to return to work.

12.     Via letter dated August 15, 2017, Deere & Co. advised Plaintiff that his indemnity benefits would end effective August 30, 2017 and that he was ineligible for transition to Long Term Disability benefits upon the ending of the indemnity benefits.

13.     Plaintiff timely appealed the adverse benefit determination.

14.     Via letter dated February 1, 2018, Plaintiff was informed that the adverse benefit determination was being upheld and that he had exhausted his administrative remedies as provided in the Plan.

15.     Defendant failed to address all of the evidence in his claim file, including but not limited to the worsening of his condition in August of 2017 necessitating the need for an LTD claim and benefits, and the opinions of his treating providers submitted in support of his continued disability.

## CLAIM FOR RECOVERY OF BENEFITS AND ENFORCEMENT OF PLAINTIFF'S RIGHTS UNDER ERISA

16.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding Paragraphs.

17.     Defendant has violated the clear and unambiguous terms of the applicable Plan, ERISA and applicable regulations in ignoring the facts of Plaintiff's case as a whole, and in denying Plaintiff's claims for long-term disability benefits under the own occupation provision of the Plan.

18.     As a proximate result of Defendant's violation of ERISA, applicable regulations and the terms of the Plans, Plaintiff has been caused damage, harmed and deprived of benefits due under the terms thereof.

24.     Plaintiff is entitled to legal and equitable relief as a result of Defendant's violations of ERISA, applicable regulations and the terms of the Plan, including, but not limited to payment of long-term disability benefits wrongfully denied under the terms of the Plan, together with appropriate interest; and, an order for all other appropriate relief including attorneys' fees and costs.

25.     The appropriate standard of review is de novo.

WHEREFORE, Plaintiff demands judgment against Defendant for an Order from the Court determining that Defendant's decision to deny long-term disability benefits was in violation of the Plan, and applicable law, and for the sum of his past long-term disability benefits as provided in the Plan, as well as future benefits so long as he remains disabled in accordance with the terms of the Plan, together with interest, penalties, attorneys' fees, costs and disbursements in this action, as well as other equitable relief and penalties pursuant to ERISA and otherwise as provided by law.

Dated 31st day of August, 2018.

**BEEDEM LAW OFFICE**

*s/ Alesia R. Strand*
_____
Thomas J. Beedem (19668X)
Alesia R. Strand (0332884)
222 South Ninth Street, Suite 1600
Minneapolis, MN  55402
(612) 305-1300  Phone
(612) 339-5765  Facsimile

ATTORNEYS FOR PLAINTIFF